## HOPKINS et al. v. JOHNSON.

Where on the dissolution of a partnership one of the partners purchases the " other's interest in the partnership books and accounts," making the books the basis of the settlement and purchase of that interest, and it appears from entries in the books made by the latter before their sale, that a third person, to pay a debt due by whom a note had been executed by the selling partner in the name of the partnership, had advanced to the partnership a sum of money a little less than the amount of the note, and that the partnership had assumed to pay the debt, the facts will amount to a ratification of the act of the partner by whom the note was executed, and the purchaser of the partnership books and accounts will be bound for the note, though not originally liable, as it was executed without his authority, and not in the business of the firm.

APPEAL from the District Court of Rapides, *Cushman*, J. *Elgee* and *Hyams*, for the plaintiffs, cited Civil Code, art. 2845. 1 La. 390. 13 La. 197, 488. *Waters*, for the appellant, relied on Kent's Com. vol. 3, p. 40 *et seq.* The judgment of the court was pronounced by

SLIDELL, J. *Johnson* is sued upon two notes, signed by *Johnson & Hazard*, to the order of plaintiffs. He resists the action upon the ground that, the notes were signed by *Hazard* without his authorisation, and not in the business of the firm.

At the date of these notes the defendant and *Hazard* were partners in the business of druggists, at Alexandria, under the firm of *Johnson & Hazard.* The notes were signed by *Hazard*, at New Orleans, and were given to the plaintiffs in settlement of a debt due by *Preston & Bleakley*, to the plaintiffs.

The only information with regard to the origin of this matter is 'derived 'from the commercial books of *Johnson & Hazard*, offered in evidence by the plaintiffs, and from an admission made by *Johnson* at the .trial. It appears, according to the books, that *Preston* had advanced a sum of money, a .little less than the amount of these notes, to *Johnson & Hazard*, who assumed to pay *Preston's* debt to the plaintiffs. The entries, which were made by *Hazard*, appear to have been made irregularly, that is to say, nearly a year after the 'date of the notes. The admission at the trial was, that *Hazard* had really borrowed the money from *Preston*, and promised to take up the debt due to plaintiffs; but ·this admission only went ·to *Hazard's* liability, and not to acknowledge that *Hazard* had told *Preston*, at the time, ·that he borrowed the money for the account of his house, and that his house would assume the debt due to plaintiffs.

HOPKINS
*v.*
JOHNSON.

It is unnecessary to determine whether the ·firm of *Johnson & Hazard* was originally bound. We are of opinion that the subsequent conduct of *Johnson* precludes him from contesting the liability of the house, and of himself, as a commercial partner. After these entries were ·made in the books, exhibiting the loan by *Preston*, and the assumption in favor of the plaintiffs, who were formally credited, *Johnson*, upon the dissolution of the firm, bought out, to use the ·language of the witness, "*Hazard's* interest in the partnership books; and accounts," and took the books and partnership assets into his possessession. Having taken the assets, and made the books, as we may fairly infer from the evidence, the basis of his settlement and purchase of *Hazard's* ·interest, he must be bound by them. The execution of the notes in the name the of house established a *primâ facie* case against the firm ; and conceding that the evidence, which has been offered to contradict that presumption, may create a doubt as to ·the authority of *Hazard* to bind the firm at the time, yet the case exhibits a subsequent approval and ratification by his partner.

*Judgment affirmed.*